IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:14-CR-3047 |
| vs. | |
| JAVIER GOMEZ ZAMBRANO, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised modified presentence investigation report in this case. The defendant has objected to the presentence report and moved for a downward variance. Filing 109.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant objects to the omission, from the presentence report, of a downward adjustment to the offense level for a mitigating role in the offense. Filing 110 at 7-9. Under U.S.S.G. § 3B1.2, a defendant's offense level may be reduced by two levels if he was only a minor participant in any criminal activity, and by four levels if he was a minimal participant. The Court must determine the relevant conduct, and compare the defendant's actions against those of the other participants, evaluating his culpability in relation to the elements of the offense. *United States v. Pinkin*, 675 F.3d 1088, 1090 (8th Cir. 2012); *United States v. Goodman*, 509 F.3d 872, 875 (8th Cir. 2007). To qualify for a minor participant adjustment under § 3B1.2(b), the defendant must be "less culpable than most other participants." *Id.*, cmt. n.5. To qualify for a minimal participant adjustment under § 3B1.2(a), the defendant must be "plainly among the least culpable of those involved in the conduct of a group." *Id.*, cmt. n.4. "[T]he defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as a minimal participant." *Id.* Minimal participants are those with "insignificant" involvement in the criminal activity. *Goodman,* 509 F.3d at 875.

The defendant acknowledges that because he pled guilty to misprision of felony in violation of 18 U.S.C. § 4, a mitigating role adjustment normally would not apply because an adjustment for reduced culpability is incorporated in the base offense level. *See* U.S.S.G. § 2X4.1 cmt. n.2; *see also United States v. Bolden,* 368 F.3d 1032, 1037 (8th Cir. 2004). But the word "normally" assumes that there may be unusual cases in which that general rule does not apply, and there is at least limited authority suggesting that an adjustment based on reduced culpability may be available if the evidence establishes the defendant's mitigating role *in the misprision offense*. *United States v. Godbolt,* 54 F.3d 232, 234 (5th Cir. 1995); *cf., Bolden,* 368 F.3d at 1036-37 (affirming upward departure for misprision of felony based on defendant's role in underlying offense); *United States v. Hawkins,* 998 F.2d 1019 (8th Cir. 1993) (unpublished table decision) (affirming

refusal to apply mitigating role adjustment where defendant was not minimal or minor participant in misprision).

The burden of establishing a role adjustment as a minor or minimal participant rests with the defendant. *Id.*; *see Pinkin,* 675 F.3d at 1090. Accordingly, the Court will resolve the defendant's objection on the evidence at sentencing.

3. The defendant also moves for a downward variance based on § 3553(a) and his personal characteristics and the circumstances of the offense. Filing 110 at 10-12. The Court will resolve this motion at sentencing.

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 20th day of February, 2015.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge